JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Thomas Myler appeals the trial court's acceptance of his guilty pleas. Myler assigns the following errors for our review:
"I. The trial court erred when it did not advise Thomas Mylerhe was waiving certain constitutionally guaranteed trial rightsby pleading guilty in violation of the Fifth, Sixth and FourteenAmendments to the U.S. Constitution and Article I Section 10 ofthe Ohio Constitution and Ohio Crim.R. 11."
 "II. Thomas Myler was denied his constitutional rightsguaranteed to him under the Fifth and Fourteenth Amendments tothe U.S. Constitution and Article I, Sections 5 10 of the OhioConstitution when the trial court sentenced him consecutivesentences based upon judicial findings."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Myler's conviction, but we vacate his sentence and remand for re-sentencing in light of State v. Foster.[1] The apposite facts follow.
 {¶ 3} On June 18, 2005, the Cuyahoga County Grand Jury indicted Myler on four counts of aggravated robbery, two counts of robbery, two counts of aggravated burglary, one count of attempted murder, and two counts of felonious assault. All the foregoing counts had repeat violent offender specifications and notice of prior conviction attached. In addition, the grand jury indicted Myler on one count of assault on a peace officer and on one count of falsification.
 {¶ 4} Myler pled not guilty at his arraignment, and, thereafter several pre-trials were conducted.
 {¶ 5} On October 31, 2005, pursuant to a plea agreement with the State of Ohio, Myler pleaded guilty to one count each of aggravated robbery, robbery, and felonious assault, all with notice of prior conviction attached. Myler also pleaded guilty to one count of assault on a peace officer.
 {¶ 6} On November 10, 2005, the trial court sentenced Myler to prison terms as follows: eight years for aggravated robbery, six years for felonious assault, five years for robbery, and six months for assault of a peace officer. The trial court ordered Myler to serve the eight year prison term for aggravated robbery consecutively to the six year prison term for felonious assault. The remaining prison terms were to be served concurrently for a total aggregate sentence of fourteen years.
 Guilty Plea {¶ 7} In the first assigned error, Myler argues the trial court erred when it failed to advise him that he was waiving certain constitutionally guaranteed rights. We disagree.
 {¶ 8} In Boykin v. Alabama,[2] the U.S. Supreme Court described three federal constitutional rights a defendant must be advised of for a waiver of those rights to be valid. These rights include privilege against compulsory self-incrimination, right to a trial by jury, and right to confront one's accusers.[3]
 {¶ 9} The Ohio Supreme Court followed Boykin and added that the defendant must also be informed of his right to compulsory process of witnesses to testify on his behalf.[4] The court reasoned that the Sixth Amendment to the U.S. Constitution guarantees compulsory process as a trial right exactly like the others mentioned in Boykin.[5]
 {¶ 10} The Ohio Supreme Court has held that Crim.R. 11(C)(2) requires the judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea.[6] Crim.R. 11(C) (2) provides in pertinent part as follows:
(C) Pleas of Guilty and No Contest in Felony Cases.
* * *
(2) In felony cases the court may refuse to accept a plea ofguilty or a plea of no contest, and shall not accept such pleawithout first addressing the defendant personally and:
* * *
(c) Informing him and determining that he understands that byhis plea he is waiving his rights to a jury trial, to confrontwitnesses against him, to have compulsory process for obtainingwitnesses in his favor, and to require the state to prove hisguilt beyond a reasonable doubt at a trial at which he cannot becompelled to testify against himself.
 {¶ 11} In the instant case, the record indicates the following exchange took place before Myler entered his pleas:
"The Court: All right. I'm going to review your rights withyou. If you don't understand, interrupt me. Do you understand youhave a right to go to trial before a jury for all of theoffenses?
 The Defendant: Yes, ma'am.
 The Court: You could waive the jury and try this case to theCourt if you wish. Do you understand?
 The Defendant: Yes, ma'am.
 The Court: All right. If you went to trial today, you would bepresumed innocent until proven guilty by evidence beyond areasonable doubt. Do you understand?
 The Defendant: Yes, ma'am.
 The Court: You have a right to an attorney's representation,an attorney you hire or one the Court appoints. Do youunderstand?
 The Defendant: Yes, ma'am.
 The Court: If you went to trial, the witnesses against youmust appear in court and testify, and you have a right tocross-examine those witnesses through your attorney. Do youunderstand?
 The Defendant: Yes, ma'am.
 The Court: You, too have the right to summon or subpoenawitnesses to testify on your behalf. Do you understand?
 The Defendant: Yes, ma'am.
 The Court: And no one could force you to testify againstyourself and no one could comment about you taking the witnessstand. Do you understand that?
 The Defendant: Yes, ma'am.
 The Court: All right. If you plead guilty to these counts asoutlined, you will not have a trial, you are admitting yourguilt. Do you understand?
 The Defendant: Yes, ma'am."[7]
 {¶ 12} Here, the trial court personally addressed Myler and advised him of all of the rights set forth under Crim.R. 11 before accepting his guilty pleas. The trial court advised Myler of his right to a jury trial, his right to have the case tried to a judge without a jury, his right to be represented by counsel, his right to have his attorney cross-examine witnesses against him, his right to have his attorney subpoena or bring forth witnesses on Myler's behalf, and his right to require the State to prove his guilt beyond a reasonable doubt at a trial at which he could not be forced to testify against himself. The trial court also advised Myler that a plea of guilty is a complete admission of guilt and that by entering such a plea, Myler would waive all of these rights. Myler responded that he understood all of the above.
 {¶ 13} Moreover, a review of the plea-hearing transcript in this case supports a determination that Myler understood the nature of the charges against him. The transcript reflects that the trial court informed Myler of the charges against him and of the possible sentences. Myler indicated he understood the nature of the charges and the possible sentences. He also indicated that nobody had made any promises, threats, or inducements to cause him to enter the pleas. Upon entering his pleas, Myler stated his pleas were voluntary and of his own free will and desire.
 {¶ 14} Nonetheless, at oral argument, Myler's counsel conceded that the trial court complied with Crim.R. 11(C)(2) by informing Myler of the constitutional rights, but failed to inform him that he would be waiving those rights by pleading guilty. The failure of the trial judge to expressly inform defendant, however, does not require vacation of Myler's guilty plea if the reviewing court determines that there was substantial compliance with Crim.R. 11(C)(2).[8] Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made.[9]
 {¶ 15} We are convinced by the record before this court that Myler entered his guilty plea knowingly, intelligently, and voluntarily. The totality of the circumstances surrounding his pleas demonstrates the trial court was in substantial compliance with Crim.R. 11(C)(2)(a). It is clear from the record that Myler entered the pleas with an understanding of the charges, the implications of his pleas, and the rights he was waiving. Myler was not prejudiced by the trial court's alleged failure to expressly inform him that he was waiving his constitutional rights by pleading guilty. Accordingly, we overrule Myler's first assigned error.
 Consecutive Sentence {¶ 16} In the second assigned error, Myler argues the trial court erred when it imposed a consecutive sentence after making judicial findings. We agree based on the Ohio Supreme Court's recent decision in State v. Foster.[10]
 {¶ 17} In Foster, the Supreme Court held that several provisions of S.B. 2, including R.C. 2929.14(E), which governs the imposition of consecutive sentences, violate Blakely.
Specifically as it pertains to R.C. 2929.14(E), the Court held: "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in Blakely."[11] The Court severed R.C. 2929.14(E) from the sentencing statutes based on its finding that Blakely rendered it unconstitutional.
 {¶ 18} As a result, the trial court is no longer obligated to give reasons or findings prior to imposing a consecutive sentence. The Court held that:
"[Cases] pending on direct review must be remanded to trialcourts for new sentencing hearings not inconsistent with thisopinion.
* * *
"Under R.C. 2929.19 as it stands without (B)(2), thedefendants are entitled to a new sentencing hearing although theparties may stipulate to the sentencing court acting on therecord before it. Courts shall consider those portions of thesentencing code that are unaffected by today's decision andimpose any sentence within the appropriate felony range. If anoffender is sentenced to multiple prison terms, the court is notbarred from requiring those terms to be served consecutively.While the defendants may argue for reductions in their sentences,nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d. 328."[12]
 {¶ 19} Thus, in accordance with Foster, we vacate Myler's sentence and remand for re-sentencing. In doing so, we note the Ohio Supreme Court's clarification in State v.Mathis:[13]
 "Although after Foster, the trial court is no longercompelled to make findings and give reasons at the sentencinghearing since R.C. 2929.19(B)(2) has been excised, nevertheless,in exercising its discretion the court must carefully considerthe statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purpose of sentencing, and R.C.2929.12, which provides guidance in considering factors relatingto the seriousness of the offense and recidivism of the offender.In addition, the sentencing court must be guided by statutes thatare specific to the case itself."[14]
 {¶ 20} Accordingly, we sustain Myler's second assigned error.
 {¶ 21} This matter is affirmed as to Myler's guilty pleas; sentence vacated and remanded for re-sentencing.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Mary Eileen Kilbane, J., concur.
[1] 109 Ohio St.3d 1, 2006-Ohio-856.
[2] (1969), 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709.
[3] Id. at 243.
[4] State v. Ballard (1981), 66 Ohio St.2d 473, 473-477.
[5] Id. at 477.
[6] State v. Nero (1990), 56 Ohio St.3d 106, 107.
[7] Tr. at 7-8.
[8] State v. Nero (1990), 56 Ohio St.3d 106.
[9] Id., 56 Ohio St.3d at 108.
[10] 109 Ohio St.3d 1, 2006-Ohio-856.
[11] Id. at ¶ 67.
[12] Id. at ¶ 104-105.
[13] 109 Ohio St.3d 54, 2006-Ohio-855.
[14] Id. at ¶ 38.